IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO HERNANDEZ PADILLA, #1009251, Petitioner, | § § § § | |
| v. | § | 3:12-CV-4278-B-BK |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Div., Respondent. | § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a *pro se* federal habeas corpus petition, under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

**I.  BACKGROUND**

In 2000, Petitioner pled guilty to aggravated sexual assault and was sentenced to a thirty-year term of imprisonment.  *State v. Padilla*, No. F00-47293 (265th Jud. Dist. Ct., Dallas Cty., 2000).  Subsequently, he unsuccessfully sought leave to file two state petitions for writ of mandamus.  *Ex parte Padilla*, Nos. WR-60,588-01 and -02 (Tex. Crim. App. 2005) (denying motions for leave to file petition for writ of mandamus).  Then on July 16, 2012, Petitioner filed a state habeas application, which is currently pending in the trial court.  *See Ex parte Padilla*, Cause No. W00-47293 (265th Jud. Dist. Ct., Dallas Cty.) (docket sheet available on the Dallas County website).  On July 30, 2012, the State filed a response and on August 3, 2012, the trial

court filed an order designating issues. *Id.*

In this federal action, filed on October 23, 2012, Petitioner alleges the same claims that he raised in his state habeas application, namely that he was denied a fair trial, a polygraph test, a psychiatrist, adequate representation during the guilty plea proceedings, and an appeal attorney or adequate representation on appeal. (Doc. 3 at 6.)

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. Contrary to his allegations, the state habeas application remains pending in the trial court. (Doc. 12, Ans. 1). Therefore, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims, and they remain unexhausted.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[1]

SIGNED November 27, 2012.

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.